ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| PUEBLO DE PUERTO RICO, Recurrente, v. ROBERTO QUIÑONES LÓPEZ, Peticionaria. | KLCE202500173 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. Civil núm.: D VI2008G0087, D LA2008G0876-877. Sobre: infr. Art. 106 CP (2do. Grado); infr. Art. 5.04 y 5.15 Ley de Armas. |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de marzo de 2025.

El 19 de febrero de 2025, la parte peticionaria, señor Roberto Quiñones López (señor Quiñones), presentó por derecho propio este recurso de *certiorari*. En él, solicita que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 22 de enero de 2025, notificada el 27 de enero de 2025, mediante la cual dicho foro declaró sin lugar su solicitud para que se dejara sin efecto la sentencia que le fuera impuesta allá para el 18 de agosto de 2009; ello, al amparo de la Regla 192.1 de las de Procedimiento Criminal, 34 LPRA sec. 192.1.

En síntesis, el señor Quiñones aduce que la sentencia condenatoria le fue impuesta de manera contraria a derecho, pues se le había duplicado la pena de conformidad al Art. 7.03 de la Ley de Armas de Puerto Rico[1], y no se había tomado en consideración unos supuestos atenuantes[2].

---

[1] La *Ley de Armas del 2000*, fue derogada por la Ley Núm. 168 de 11 de diciembre de 2019, intitulada *Ley de Armas de Puerto Rico de 2020*, 25 LPRA secs. 461-467*l*. La primera era la ley vigente al momento de dictarse la sentencia en este caso. El Art. 6.01 de la nueva ley recoge las circunstancias para el agravamiento o duplicación de las penas que se impongan a su amparo. 26 LPRA sec. 466. Es decir, el nuevo estatuto mantiene la duplicación de las penas que antes estaban consignadas en el Art. 7.03 de la *Ley de Armas del 2000*, antes, 25 LPRA sec. 460b.

[2] En su *Resolución*, el foro primario aludió a las instancias previas en que el señor Quiñones había comparecido ante este foro intermedio para impugnar su sentencia condenatoria. A decir, los recursos KLCE201001078, y los recursos consolidados KLCE201100768 y KLCE201100899.

Número identificador

RES2025_____

Conforme le fuera ordenado, el Estado compareció por conducto de la Oficina del Procurador General, el 17 de marzo de 2025, mediante su *Solicitud de Desestimación*. El Estado planteó que este Tribunal carecía de jurisdicción para atender los méritos del recurso, pues el peticionario omitió cumplir con la Regla 33 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Ello, pues el señor Quiñones falló en notificar copia de su recurso al Estado, por conducto del Ministerio Público, y al foro primario dentro del término para ello.

En cuanto a la solicitud de desestimación del Estado, la misma se declara **sin lugar**.

Ahora bien, en cuanto al recurso, examinado este, así como la detallada y bien fundamentada *Resolución* del foro primario, este Tribunal concluye que la parte peticionaria no pudo establecer que dicho foro hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido haya abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, resolvemos **denegar la expedición del auto de *certiorari***.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones